IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CR-193  CDP |
| | ) |
| JAMES BARNETT | ) |
| | ) |
|     Defendant. | ) |

**MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

The Defendant ("Mr. Barnett"), through counsel, respectfully requests that this Court suppress all evidence seized by law enforcement officers and all statements made by the Defendant to law enforcement officers. In support, Mr. Barnett states the following:

I. FACTS

1. At about 8:00 a.m. on April 25, 2017, officers from the Chesterfield Police Department stopped a 2004 Toyota Tundra ("the truck"). It was parked in a parking lot inside Faust park, which is open to public use.

2. Mr. Barnett was seated in the driver's seat. He had not violated any traffic laws. The truck had not made any erratic or suspicious maneuvers. It was merely parked in a public parking lot. Mr. Barnett waived and said, "Hello" to the police officer as the officer approached the driver side door.

1

3. The officer asked the Mr. Barnett, "Is he alright?" and pointed at the truck's passenger, who was sleeping. The passenger - a woman - woke up and indicated she was merely sleeping. Mr. Barnett denies that he was shaking, and he was not acting erratically or suspiciously.

4. The officer nevertheless interrogated Mr. Barnett and the passenger, and he demanded they produce identification. The truck's occupants complied and handed their IDs to the officer.

5. According to the police reports, when the officer conducted a computer search with Mr. Barnett's driver's license, the search results indicated that Mr. Barnett had an active warrant from New Mexico. Consequently, the officer arrested Mr. Barnett, placed him in handcuffs, and removed him from the truck. While Mr. Barnett was seated in the police vehicle in handcuffs, the police officer asked for permission to search the truck. Mr. Barnett said he was refusing to consent. Despite this refusal, the officer told Mr. Barnett he would search the truck anyway because it was his "right" to do so.

6. Mr. Barnett had a reasonable expectation of privacy in the truck and the attached trailer.

7. The police searched the truck without Mr. Barnett's consent, without a warrant, and in the absence of any exigent circumstances or any other exception to the warrant requirement.

8. The police allege that during their search of the truck, they found evidence of credit card fraud devices and photo IDs of multiple people.

9. While Mr. Barnett was in handcuffs in the back of the police car, the police interrogated Mr. Barnett about the items found in the truck and the attached trailer. The police allege Mr. Barnett made potentially incriminating statements in response to these questions.

    a. Mr. Barnett did not knowingly and intelligently waive his rights to remain silent or his right to counsel.

    b. The police did not warn him of his right to remain silent and his right to counsel.

    c. Mr. Barnett was in custody at the time of this interrogation.

10. Police did not have reasonable suspicion of criminal activity to stop the truck. The traffic stop, subsequent arrest of Mr. Barnett, and search and seizure of the truck therefore constituted an illegal search and seizure in violation of Mr. Barnett's rights under the 4th Amendment to the United States Constitution. The police interrogation of Mr. Barnett violated his right to freedom from self-incrimination and to counsel as guaranteed by the 5th and 6th Amendments to the United States Constitution.

11. According to the police, after a full search of the truck, they then searched Mr. Barnett's pockets. There, the police located potentially incriminating information they believed to be evidence of credit card fraud.

12. The police then applied for search warrants to search the attached trailer and the electronics found therein. In their affidavits, the police state that Mr. Barnett was asleep when the police first stopped the truck. The affidavit also states that Mr. Barnett consented to the search of the truck. Mr. Barnett respectfully avers that these and other statements made in the search warrant affidavits are simply untrue.

    a. Accordingly, the search warrants issued in this case appear to be the product of an affidavit made with reckless disregard for the truth regarding matters material to the probable cause determination. Further inquiry is therefore necessary under *Franks v. Delaware*, 438 U.S. 155 (1978) and requested at the hearing on this motion.

    a. Mr. Barnett avers that any evidence procured as a result of executing these search warrants is "fruit of the poisonous tree" – from both the initial search and defective search warrants - and any such evidence should be excluded from use at trial under *Wong Sun v. United States,* 371 U.S. 471 (1963).

13. Eventually, the police towed the truck and took Mr. Barnett to jail. He has been incarcerated since this arrest.

## II. LEGAL ARGUMENT

1. A roadside traffic stop is a "seizure" within the meaning of the 4th Amendment. *Delaware v. Prouse,* 440 U.S. 648 653 (1979), *U.S. v. Jones,* 269 F.3d 919 (8th. Cir. 2001). Such a stop must be supported by a reasonable, articulable suspicion that criminal activity if afoot. *Prouse* at 663.

2. Here, there was no evidence whatsoever that criminal activity was in progress. The police observed no traffic violations, or even suspicious or erratic driving. The truck was properly licensed.

    a. Accordingly, this was not a valid traffic stop, and the stop violated Mr. Barnett's right to be free from illegal search and seizure.

3. Even if the stop were lawful and conducted for investigative purposes, a police officer is only entitled to conduct an investigation "reasonably related in scope to the circumstances which justified the interference in the first place." *Terry v. Ohio*, 392 U.S. 1, 20 (1968). The scope of the investigative detention must be carefully tailored to its underlying justification. *Florida v. Royer*, 460 U.S. 491 (1983).

    a. If the responses of a detainee give rise to suspicions unrelated to the traffic offense, an officer may broaden his inquiry. Jones at 926. However, this requires a reasonable, articulable suspicion that a crime is being committed. *Id.*

    b. The arresting officer here articulates no such suspicion. Instead, the arresting officer claims that he searched the truck as an "inventory search."

4

    c. Inventory searches have been upheld when they are conducted at the impound lot, pursuant to established police procedure, and prompted by concerns for officer safety. *South Dakota v. Opperman*, 96 S.Ct. 3092 (1976).

    d. Here the officer searched the truck without Mr. Barnett's consent, in the parking lot, immediately after the traffic stop, and before the decision had been made to impound the vehicle. Mr. Barnett and his girlfriend were secured in the police vehicle at the time of the search. There was nothing in plain view inside the truck to suggest officer safety was at risk. The search was clearly a non-consensual search for incriminating evidence. Any suggestion that it was a search done for officer safety or pre-impound inventory is contradicted by the facts.

4. A police officer's post-stop discovery of a valid, pre-existing arrest warrant can attenuate the connection between an unlawful investigatory stop and evidence later seized from a defendant during search incident to arrest. *Utah v. Strieff*, 136 S.Ct. 2056 (2016).

    a. However, unlike the facts in *Streiff*, the connection between the illegal stop of Mr. Barnett and the discovery of potentially incriminating evidence was not attenuated by the intervening discovery of a valid warrant.

    b. Instead, the arresting officer here stopped the truck with no reasonable suspicion that a crime was being committed. He then conducted a search that exceeded any authority granted to him by the arrest warrant from New Mexico.

5. Therefore, if any of the above-listed evidence is adduced at trial, it will violate Mr. Barnett's rights to freedom from unreasonable search and seizure, freedom from self-incrimination, trial by an impartial jury, due process, and equal protection of the laws as guaranteed by the 4th, 5th, and 6th Amendments to the United States Constitution.

WHEREFORE Mr. Barnett respectfully requests this Court's order suppressing all of the above-named evidence and statements. Mr. Barnett further requests a hearing on the issues raised in this motion.

Respectfully submitted,

/s/Charles J. Banks
CHARLES J. BANKS
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Charles_Banks@fd.org

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2017, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Tracy Berry, Assistant United States Attorney.

/s/Charles J. Banks
CHARLES J. BANKS
Assistant Federal Public Defender