IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CR-193  CDP |
| | ) |
| JAMES MAXWELL BARNETT | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

    James Maxwell Barnett, through counsel Assistant Federal Public Defender Charles J. Banks, hereby respectfully objects to the USSG calculation in paragraphs 29 through 39, and paragraph 81. Mr. Barnett avers that at no time did he purposefully seek to inflict such extensive losses on the victims in this case. In fact, as the PSR makes clear in paragraph 22, there are <u>no</u> verified financial losses associated with his conduct. The PSR nonetheless appears to impute over $197, 000.00 in intended losses to Mr. Barnett by assigning $500 of intended loss to each access device under Application Note F(i) of USSG §2B1.1.

    Mr. Barnett objects. While such methodology for calculating intended loss appears permissible under *United States v. Thomas,* 841, F.3d, 760, 764 (8th Cir. 2016), Mr. Barnett respectfully suggests that *Thomas* was wrongly decided as applicable to the facts in this case, and  he requests a good-faith change in the law. Furthermore, in *Thomas*, the 8th Circuit refrained from deciding whether the government must prove the "usability" of each access device it seeks to impute with a $500 intended loss amount because the defendant in *Thomas* failed to raise that issue in District Court. Mr. Barnett

1

does so here. He respectfully suggests that he should not suffer a 10 level increase based upon access devices that the government has failed to show were usable. To do so would violate the United States Sentencing Guidelines and 18 USC § 3553. It would further deprive Mr. Barnett of his rights to due process and equal protection as guaranteed by the 5th Amendment to the United States Constitution.

To be clear, Mr. Barnett concedes his wrongdoing and accepts responsibility. While homeless, he <u>did</u> use some of these credit cards to purchase groceries and supplies. This indirectly supported his substance abuse disorder; when he ran out of cash because of drugs, he used some of these credit cards for gas, groceries and supplies. Mr. Barnett is extremely ashamed of this behavior, and he takes full responsibility. However, the actual and intended loss amounts were de minimis when compared to the loss amounts alleged by the government, and Mr. Barnett is certain that, even considering the most expansive reasonable interpretation of USSG §2B1.1, the actual and intended losses could not have exceeded $6,500.00.

Consequently, as noted in paragraph 85 of the PSR, Mr. Barnett respectfully asks this Court to find that his total offense level is 10, and his USSG imprisonment range is 6 to 12 months.

Respectfully submitted,

<u>/s/Charles J. Banks</u>
CHARLES J. BANKS
Assistant Federal Public Defender
1010 Market Street, Suite 200
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Charles_Banks@fd.org

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2018, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Tracy Berry, Assistant United States Attorney.

/s/Charles J. Banks
CHARLES J. BANKS
Assistant Federal Public Defender