UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 4:17CR00193 CDP |
| ) | |
| ) | |
| JAMES MAXWELL BARNETT, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE TO DEFENDANT'S OBJECTION TO THE PRESENTENCE REPORT**

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri and Tracy Lynn Berry, Assistant United States Attorney for said district, and requests that this Honorable Court deny defendant's objection to the presentence investigation report.

At the outset, the government notes that defendant does not dispute that defendant possessed and trafficked in the 396 counterfeit and unauthorized access devices listed in paragraph 19 of the presentence investigation report. PSR 9. The access devices utilized to calculate the intended loss were comprised of: 19 counterfeit identification cards; 16 temporary credit card account numbers; 22 independent account numbers; four unauthorized credit cards; 81 gift cards; 14 re-encoded gift cards; 67 hotel cards embedded with account numbers; 59 casino cards embedded with account numbers; and 114 social security numbers. PSR 9. Because the record does not contain evidence of any actual loss relative to the 396 access devices, the United States Probation Office appropriately utilized Application Note 3(F)(i) in assessing a $500 value for each device.

While defendant argues that the $500 value should be limited to those access devices which could be used, he asks this Court to ignore the controlling precedent of this circuit that the assessment may be applied to cards "which have been merely possessed rather than used." United States v. Thomas, 841 F.3d 760, 764 (8th Cir. 2016).  The Court of Appeals for the Eighth Circuit clearly rejected this argument in United States v. Thomas. Id. at 764 (8th Cir. 2016).   In relying upon the plain language of Application Note 3(F)(i), the appellate court found recognized that the Guidelines "allow[] a district court to impose the minimum value to 'any counterfeit access device or unauthorized access device.'  It does not require that the device actually have been used." Id.   In viewing the aspect of the guideline applicable to telecommunications devices, the appellate court recognized that "the authors of the Guidelines knew how to limit the application of these provisions to the use of access devices." Id. (quoting United States v. Cardenas, 598 Fed.Appx. 264, 267 (5th Cir. 2015)).   If "any counterfeit access device or unauthorized access device" were intended to include only devices that had been actually used, there would have been no need to explain how to treat unused unauthorized access devices because such devices would have been "outside the ambit of the provision." Id. (quoting United States v. Cardenas, 598 Fed.Appx. 264, 267 (5th Cir. 2015)).

More recently, the Court of Appeals for the Seventh Circuit rejected a defendant's argument that Application Note 3(F)(i) only applies to cards or account numbers that produce money or are demonstrably functional.  United States v. Popovski, 872 F.3d 552, 553 (7th Cir. 2017).   That court held that the inclusion of "any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud" into the definition of "unauthorized access device"… "necessarily implies that a card, number, or other identifier with a potential to obtain

goods or initiate a transfer of funds remains an 'access device' even if it is 'expired, revoked, [or] canceled.'" Id.  Thus, the Seventh Circuit appellate court directed that an access device be defined according to "its nature."  Id.  In other words, the nature of the device was that, in principle, it could be used to obtain goods or funds, regardless as to whether it would work in practice.  Id.  That court went further in vanquishing the argument by noting that, regardless of the functionality of the device, the intended loss resulting from defendant's possession of unauthorized access devices includes pecuniary harm that would have been impossible or unlikely to occur.  Id. (referencing U.S.S.G. 2B1.1 Application Note 3(A)(ii)).

In light of this circuit's complete rejection of the usability requirement sought by the defendant, his objection to the intended loss calculation based upon the 396 counterfeit and unauthorized access devices set forth in paragraph 19 of the presentence investigation report must fail.

Accordingly, the United States respectfully requests that this Honorable Court deny defendant's objection to the intended loss calculation of $198,000, and subsequent 10 level increase pursuant to Section 2B1.1(b)(1)(F).

        Respectfully submitted,

        JEFFREY B. JENSEN
        United States Attorney

        s/ Tracy Lynn Berry
        Tracy Lynn Berry, 014753 TN
        Assistant United States Attorney

<u>CERTIFICATE OF SERVICE</u>

Copy of the foregoing was sent through the Court's electronic case filing system the 1st day of March, 2018, to:  Charles J. Banks, Esq.

<u>s/ Tracy Lynn Berry</u>
Tracy Lynn Berry, 014753 TN
Assistant United States Attorney